IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLAMIDE OLATAYO BELLO,<br>#65100-510, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:25-CV-1959-G-BW |
| | ) | |
| WARDEN FCI SEAGOVILLE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and Recommendation in this case.  The petitioner filed objections, and the court has made a *de novo* review of those portions of the proposed Findings, Conclusions, and Recommendation to which objection was made.  The objections are overruled.

In his objections, the petitioner invokes the savings clause of 28 U.S.C. § 2255(e).  Docket entry 7 at 2; *see also* docket entry 9.  He argues that his "detention is unconstitutional because it is based on a void judgment."  Docket entry 7 at 3. The petitioner raises claims that challenge the "validity of the indictment, the trial court's jurisdiction, . . . and the execution of his sentence."  *Id*. at 2.  He also

contends that the errors are "structural" and thus fall within the parameters of 28 U.S.C. § 2241, not 28 U.S.C. § 2255. *Id.*

A prisoner may file a § 2241 petition "to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir.) (citation omitted), *cert. denied*, 540 U.S. 1085 (2003). The Supreme Court has held, however, that the savings clause is limited to "cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

There is nothing in either the record or the petitioner's pleadings that indicates unusual circumstances. The petitioner does not allege, much less demonstrate, that it is impossible or impracticable for him to file a new § 2255 motion. Indeed, his § 2255 motion was dismissed without prejudice as premature. *Bello v. United States*, No. 4:25-CV-0889 (E.D. Tex. Sep. 16, 2025), *appeal docketed*, No. 25-40731 (5th Cir. Nov. 12, 2025). The petitioner has thus failed to demonstrate that the remedy under § 2255 is inadequate or ineffective under the savings clause. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). So the court lacks jurisdiction to consider his § 2241 petition.

The court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the

remaining proposed findings, conclusions, and recommendation for plain error.

Finding no error, the court **ACCEPTS** the Findings, Conclusions, and

Recommendation of the United States Magistrate Judge.

      **SO ORDERED**.

December 9, 2025.

**A. JOE FISH**
**Senior United States District Judge**